IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | : | NO. 08-05294 |
| | : | |
| GAIL L. WELLS, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                      **July 15, 2009**

Allstate[1] filed this three-count complaint pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment of the rights and liabilities of the parties under a homeowner's insurance policy (# 028357530) and a personal umbrella insurance policy (# 908660308) issued to Defendant Gail L. Wells.  The parties filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, I will grant Allstate's motion, deny the motion of the defendants, and enter judgment in favor of Allstate.

---

[1] Plaintiffs Allstate Insurance Company and Allstate Indemnity Company are insurance companies incorporated in the State of Illinois, with principal places of business at 2775 Sanders Road, Northbrook, Illinois, and duly licensed to conduct business in the Commonwealth of Pennsylvania.  Because no defendant is a resident of Illinois and the amount in controversy exceeds $75,000, jurisdiction is derived from the diverse citizenship of the parties pursuant to 28 U.S.C. §1332.

## I. BACKGROUND

Allstate seeks an Order declaring that it does not have a duty to defend or indemnify Defendant Mark Wells, a family member[2] of Mrs. Wells, for the claims set forth by Defendant Kathleen Schickling in a companion case filed in the Philadelphia Court of Common Pleas. (June Term 2008, No. 0073). Mrs. Schickling filed that case as the executrix of the estate of her husband James Schickling, who died a couple of days after being violently struck in the head by Mr. Wells. That case alleges causes of action based on negligence, negligent infliction of emotional distress, wrongful death, survival action, and the loss of consortium. Allstate's complaint includes the following three paragraphs contained in Mrs. Schickling's state court matter which outlined the factual basis of her complaint:

> 42. On or about the late evening of June 3, 2006 or early morning hours of June 4, 2006, Defendant Mark Wells struck the decedent, James Schickling, in the head causing injuries to the decedent that caused the decedent's death.
>
> 43. At all times material hereto, on the late evening of June 3, 2006 or the early morning hours of June 4, 2006, Defendant Mark Wells, having been negligently, carelessly and recklessly sold and served alcoholic beverages by the Defendants through their duly authorized agents, servants, representatives, and/or employees at the Defendant Holiday Inn Conference Center and the Budweiser Tap Room while he

---

[2] The complaint identifies Mr. Wells as the policy-holder's husband, but the motion for judgment on the pleadings identifies him as her son. The exact relationship is not dispositive because the policies define an "insured person" as "you and, if a resident of your household: (a) any relative; and (b) any dependent person in your care." See Compl. Exh.'s A and B. Allstate concedes that Mr. Wells is an insured person under both policies.

>  was obviously in a visibly intoxicated condition in violation of applicable Pennsylvania law, did strike the decedent, James Schickling, with great force causing the decedent's death thereafter on June 6, 2006, as described hereinafter at length.
>
> 44. On April 9, 2007, Defendant Mark Wells plead guilty to the charge of involuntary manslaughter[3] arising from the death of the decedent, James Schickling.

See Compl. ¶ 25 (footnote added); see also Compl. Exh. C ¶¶ 42-44.

On July 21, 2008, Allstate sent a reservation of rights letter to Defendant Mark Wells informing him of its intent to investigate whether it had a responsibility in this matter to provide coverage:

> We are sending you this Reservation of Rights letter regarding the Civil Action filed by Kathleen Schickling, Executrix of the Estate of James Schickling, in the Court of Common Pleas of Philadelphia County as a result of an incident that occurred on or about June 3-4, 2006. This letter serves to reserve our rights to timely investigate this matter without an admission of coverage.
>
> There is an indication of a reason or reasons why Allstate Insurance Company does not have an obligation to you under said policy with respect to the Civil Action filed by Kathleen Schickling. The intent of Allstate Insurance Company is to provide, without prejudice to the rights of Allstate Insurance Company, a defense to you until a determination is made whether or not Allstate Insurance Company has responsibility in this matter or Allstate Insurance Company has satisfied itself with respect to such matter.
>
> Our conduct, in providing a defense to you and in conducting

---

[3] A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person. 18 Pa.C.S. § 2504.

>an investigation related to the facts of this matter are not intended to be, and shall not operate in any way as, a waiver or invalidation of any of the conditions of Policy Numbers 028357530 and 908660308 or any rights that Allstate Insurance Company has under policies to assert non-liability because of applicable policy provisions.

See Compl. Exh. D.

## II.  STANDARD FOR MOTIONS FOR JUDGMENT ON THE PLEADINGS

In deciding a Rule 12(c) motion, the court must view the facts and inferences to be drawn from the pleadings in a light most favorable to the non-moving party.  Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 406 (3d Cir. 1993). Judgment will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290-291 (3d Cir. 1988).

## III.  DISCUSSION

Allstate argues that the incident between Mr. Wells and the decedent cannot be considered an "occurrence" under the policies.  I agree.  Both the homeowners and the personal umbrella insurance policies provide that "Allstate would pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy."  See Compl. Exh.'s A and B.  An "occurrence" is defined in the policies as "an accident, including continuous or repeated exposure to substantially the same general, harmful conditions during the policy period, resulting in bodily injury or

property damage." Id. "Bodily injury" is defined as "physical harm to the body, including sickness or disease, and resulting death." Id.

An insurer's duty to defend and indemnify an insured in a suit brought by a third party depends upon a determination of whether the third party's complaint triggers coverage. Mutual Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999). The particular cause of action that a complaint pleads is not determinative of whether coverage has been triggered. Rather, it is necessary to look at the factual allegations contained in the complaint. Id.; see also Agora Syndicate, Inc. v. Levin, 977 F.Supp. 713, 715 (E.D. Pa. 1997) (a plaintiff may not dress up a complaint so as to avoid the insurance exclusion). If there is no possibility that any of the underlying claims could be covered by the policy, judgment in the insurer's favor with regard to the duty to defend and indemnify is appropriate. Germantown Ins. Co. v. Martin, 595 A.3d 1172 (Pa.Super. 1991).

Accordingly, to determine Allstate's obligation, the language of the policies and the allegations of the related state court complaint should be construed together. The state court complaint alleges that Mr. Wells "did strike the decedent, James Schickling, with great force causing the decedent's death thereafter on June 6, 2006." See Compl. ¶ 25; see also Compl. Exh. C ¶ 43. Several paragraphs of the complaint characterize this incident as a criminal attack or an assault. See Compl. Exh. C ¶¶ 56, 58, 59, 63, 65, 67. It also alleges that the other defendants "failed to warn the decedent, James Schickling,

of the dangerous condition developing in the area of the Budweiser Tap Room in the Holiday Inn Conference Center, and further failed to protect the decedent, James Schickling, from foreseeable harm." Id. ¶ 68. In determining whether these facts constitute an "occurrence" under the policies, I look to the Pennsylvania Supreme Court which, in a case with an identical definition of "occurrence," held:

> Under this definition, an "occurrence" is an accident. The willful and malicious assault alleged in the complaint is not an accident but rather is an intentional tort. As such, it is not covered by the policy and, therefore, the insurer owed no duty to defend.

Gene's Restaurant, Inc. v. Nationwide Insurance Co., 548 A.2d 246, 247 (Pa. 1988). Likewise, I find that Mr. Wells' violently striking Mr. Schickling's head which ultimately caused his death was not an accident and thus does not constitute a covered "occurrence" under the policies. There is neither ambiguity in the language of the policies nor any potential that the claims asserted are within the policies' coverage. See Stidham v. Millvale Sportsmen's Club, 618 A.2d 945, 953 (Pa.Super. 1992). Allstate is not obligated to defend or indemnify Defendant Mark Wells for the claims asserted by Defendant Linda Schickling in her state court action.

    I also note that, even if the incident could be considered an occurrence, the criminal act exclusion in both policies would preclude coverage here. The policies provide: "We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of

any insured person." See Compl. Exh.'s A and B.  The policies further provide that this exclusion applies even if the insured lacks the mental capacity to govern his conduct, or if the bodily injury is of a different kind or degree than that intended or reasonably expected.  Id.

That it was not Mr. Wells' intention to kill Mr. Schickling that night is of no import here.  The Pennsylvania Superior Court has held that a "a policy provision that excludes coverage for bodily injury 'expected or intended' by the insured excludes only injury and damage of the same general type which the insured intended to cause." Erie Ins. Exchange v. Fidler, 808 A.2d 587 (Pa.Super. 2002).  The court continued, "an insured intends an injury if he desired to cause the consequences of his act or if he acted knowing that such consequences were substantially certain to result." Id.  Here, the exclusion applies even if the bodily injury is of a different kind or degree than that intended or reasonably expected.  While Mr. Wells may not have intended to kill Mr. Schickling, he certainly could have expected to cause very serious injuries by striking a man's head with great force.  Those injuries which eventually caused Mr. Schickling's death are of the same general type which Mr. Wells intended to cause.

Furthermore, striking the head of a man with great force is a criminal act to which Mr. Wells pled guilty and for which he received a sentence of incarceration.  That criminal act is just what the policy excludes.  As a result, Allstate is not obligated to defend or indemnify Mr. Wells for the claims asserted by Defendant Linda Schickling in

her cause of action in state court.

It is also of no importance that Mr. Wells was intoxicated when he struck Mr. Schickling. The policies provide that this exclusion applies even if the insured lacks the mental capacity to govern his conduct. The Superior Court of Pennsylvania rejected the defense of intoxication in a similar case:

> Appellees argue that the insured's conduct was unintentional (and, therefore, accidental) because he was under the influence of alcohol. It is correct that Martin's speech was slurred, he smelled of alcohol, and a blood test disclosed an alcoholic blood content of .26 percent. However, while voluntary intoxication may so cloud the mind as to deprive it of the power of pre-meditation and deliberation, it will not prevent the formation of the general intent necessary for the commission of an assault and battery.

State Farm Mut. Automobile Ins. Co. v. Martin, 660 A.2d 66, 68 (Pa.Super. 1995). Thus, Mr. Wells' intoxication is irrelevant, and has no effect on the criminal act exclusion.

In conclusion, because there is no possibility that any of the underlying claims in the related state court action could be covered by these policies, judgment in Allstate's favor with regard to the duty to defend and indemnify is warranted.

An appropriate Order follows.